## CIRCUIT COURT OF THE CITY OF RICHMOND

Clarence C. Moore

v.

Elvertha D. Gillis

December 7, 1988

Case No. LL-2502-4

By JUDGE RANDALL G. JOHNSON

The issue presently before the court concerns the effect on this action of Virginia Code § 8.01-380(A). That statute, which deals with dismissal of actions by nonsuit, provides in pertinent part:

> After a nonsuit, no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court.

This action arises out of an incident which occurred at the Brunswick Correctional Facility in Brunswick County, Virginia, in April, 1985. Plaintiff, an inmate at the facility, claims that he was injured when defendant, a corrections officer, negligently caused a door to slam against him. Suit was initially filed in this court on March 11, 1987. After the initial suit was filed, defendant filed a motion asking the court to transfer the case to the circuit Court of Brunswick County, defendant arguing

that venue was not proper in this court under Virginia's permissible venue statute, Virginia Code § 8.01-262. Prior to a hearing or argument on defendant's motion, counsel for plaintiff agreed that venue was improperly laid in Richmond, and the case was transferred to Brunswick County on May 18, 1987, without objection by plaintiff. Prior to the transfer, however, plaintiff filed a second suit against the same defendant in Richmond, the motion for judgment in the second suit containing the same allegations as were contained in the first suit. In his cover letter accompanying the second motion for judgment, plaintiff's counsel asked the Clerk not to effect service on defendant at that time, and service was not obtained until April 12, 1988, as will be more fully discussed below. On April 18, 1988, at the request of plaintiff's counsel, the Circuit Court of Brunswick County entered an order nonsuiting the original action.

As previously stated, the original action was transferred to the Circuit Court of Brunswick County after counsel for plaintiff agreed that venue did not exist in Richmond; that is, that none of the grounds set out in Virginia Code § 8.01-262 established venue in Richmond. Subsequent to the case being transferred, however, the whereabouts of the defendant, who had lived at Fort Lee when the first suit was instituted, became unknown. In accordance with Virginia Code § 8.01-329, service of the second suit was made on the Secretary of the Commonwealth as the statutory agent of the defendant. Since Virginia Code § 8.01-262 establishes venue wherein a statutory agent to receive process "has been appointed by operation of law," and since the Secretary of the Commonwealth is located in Richmond, plaintiff now argues that venue in the second suit, the one currently pending in this court, is properly laid in Richmond. It is upon this set of facts that Virginia Code § 8.01-380(A), quoted above, must be considered.

Plaintiff concedes that if the present action had not been filed prior to the time the first case was nonsuited in Brunswick county, it could not be filed in this court now. Indeed, § 8.01-380(A) specifically states that "[a]fter a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court *other than that in which the nonsuit was taken.*"

Emphasis added. Plaintiff, however, argues that the present action is not a "new proceeding" since it was pending at the time the Brunswick case was nonsuited. Thus, according to plaintiff, the prohibition of § 8.01-380(A) does not apply. The court does not agree.

It is an elementary rule of statutory construction that the primary object in the interpretation of a statute is to ascertain and give effect to the intention of the legislature, although such construction may not be in conformity with the strict letter of the law. *See* 17 M.J., *Statutes*, § 35, and the cases there cited. Thus, where a literal application of the language used in a statute would lead to an absurd result, it is the duty of the court to construe the statute so as to avoid such a result, and to adopt a reasonable construction within the legislative intent and purpose. *Id.*

Here, it is crystal clear that the General Assembly's purpose in enacting the subject portion of § 8.01-380(A) was to require, with certain stated exceptions not relevant here, a party taking a nonsuit to prosecute any subsequent lawsuit involving the same cause of action or against the same party in the same court in which the nonsuit was taken. While the language of the statute does, as plaintiff asserts, speak only to "new" proceedings, counsel for plaintiff was unable at oral argument to offer any reason, and the court can think of none, why the General Assembly would have intended to exclude from the statute's coverage proceedings such as the one now pending. Indeed, to allow this action to proceed in this court would be to hold that anytime a plaintiff wants to avoid the prohibition of § 8.01-380(A), all he need do is file a new lawsuit in a different court on the day before he takes a nonsuit in the original court. Except in those cases in which a nonsuit is taken to prevent an imminent adverse ruling on a motion to strike during trial, or the imminent granting of a motion for summary judgment at a pretrial hearing, such action could be taken in every case. In fact, even in those cases last mentioned, a plaintiff could file a second, identical lawsuit in a different court to be held in reserve in the event an "emergency" nonsuit is taken before a motion to strike is sustained, or a motion for summary judgment is granted. Moreover, as the court believes was done here, a second, "dormant" suit could

be filed in a court initially lacking venue to be brought to life in the event something subsequently occurs to establish venue in such court. This court does not believe that the General Assembly could have intended such absurd results.

In this regard, it is significant that the only difference between the motion for judgment in this case and the motion for judgment in the nonsuited case is that in paragraph 2 of the motions for judgment, the phrase "plaintiff was . . . being *supervised* by the defendant" was changed to "plaintiff was . . . being *observed* by the defendant . . . ." Emphasis added. Upon questioning by the court, counsel for plaintiff was unable to offer any satisfactory explanation as to why such change was necessary or, if it was necessary, why it was not made by way of an amended motion for judgment rather than by a new lawsuit. In addition, counsel for plaintiff was also unable to offer any satisfactory reason why he asked the Clerk not to have service of the second suit made on defendant until almost a year after it was filed, and only six days before the first suit was nonsuited.[1] In sum, counsel for plaintiff offered no legitimate reason at all to indicate that the present action was filed for any purpose other than avoiding the specific prohibition of § 8.01-380(A). As already noted, this court does not believe that the General Assembly intended such a result. Accordingly, it is the holding of this court that the present action cannot be maintained here.

Having found that § 8.01-380(A) prevents this case from proceeding in this court, the only remaining question is whether the case can now be transferred to the Circuit Court of Brunswick County, or whether it must be dismissed. Because the court is of the opinion that the subject portion of § 8.01-380(A) is jurisdictional -- that is, that all courts other than the court in which the nonsuit was taken are without jurisdiction to hear the "new" proceeding -- a transfer of the action cannot be made. The action

---

[1] Plaintiff's counsel also did not inform defendant or her counsel of the second suit until AFTER it was served on the Secretary of the Commonwealth, and it does not appear that defendant or her counsel had notice of the second suit until that time.

must be dismissed. The court makes no ruling on the effect of the tolling provisions of § 8.01-229 on such dismissal.